**LOCAL 106, SERVICE EMPLOYEES INTERNATIONAL UNION,**
Plaintiff–Appellant,

v.

**HOMEWOOD MEMORIAL GARDENS, INC., Defendant–Appellee.**

No. 87–1830.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 24, 1987.

Decided Feb. 2, 1988.

William F. Lennon, Chicago Ill., for plaintiff-appellant.

Pamela Hollis, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for defendant-appellee.

Before BAUER, Chief Judge, KANNE, Circuit Judge, and ESCHBACH, Senior Circuit Judge.

KANNE, Circuit Judge.

Local 106, Service Employees International Union brought suit in the district court to compel Homewood Memorial Gardens to arbitrate the discharge of Scott Mason, a union member and former em-

ployee at Homewood.[1] In a motion to dismiss (treated by the district court as a motion for summary judgment) Homewood asserted that the collective bargaining agreement and its arbitration clause expired on October 31, 1983. Thus, Homewood claimed, the discharge of Scott Mason on November 10, 1986, was not subject to arbitration. The district court agreed and granted summary judgment in favor of Homewood. The district court also sanctioned the Union and its attorney for filing an unwarranted motion for sanctions. The Union appeals, arguing that it was improper for the district judge to make a determination that the collective bargaining agreement (and thus its arbitration clause) had expired. Rather, the Union submits, the issue of labor contract expirations (and thus in this case, the issue of an arbitration clause's expiration) should be determined only by an arbitrator. The Union and its attorney also claim that the imposition of sanctions against them was improper. We disagree with both arguments and affirm the judgment of the district court.

## I.

In December of 1980 the parties entered into a collective bargaining agreement. That contract, in Article XII provided:

This Agreement shall become effective retroactively as of November 1, 1980 and shall remain in full force and effect until October 31, 1981, and shall automatically renew itself from year to year thereafter, unless the UNION or the EMPLOYER notifies the other of its desire to modify the Agreement sixty (60) days prior to any annual expiration date.

On July 15, 1982, the parties executed a memorandum of agreement which amended Article XII to read:

This agreement shall become effective retroactively as of November 1, 1981 and shall remain in full force and effect until October 31, 1982, etc.

Judge Plunkett determined that the abbreviation "etc." was sufficiently unambiguous to allow it to operate as incorporating the original agreement's automatic renewal provision.

Finally, on February 4, 1983, the parties entered into a second memorandum agreement. That agreement provided as follows:

This AGREEMENT shall become effective as of February 1, 1983 and shall remain in full force and effect until OCTOBER 31, 1983.

This second memorandum agreement made no reference to Article XII of the original agreement or to the first memorandum agreement (which amended Article XII). Further, the second memorandum agreement made no reference to any automatic renewal provision. The district court concluded that since the second memorandum superceded the first memorandum, contained no automatic renewal clause, and failed to make any attempt to incorporate any automatic renewal clause, the collective bargaining agreement and its attendant arbitration clause expired by its own terms on October 31, 1983.

As a second, independent and alternative basis for the same conclusion, the district court examined certain extrinsic evidence that showed that the omission of the automatic renewal clause was intentional. The Union did not dispute this evidence but instead pointed to Homewood's continued contributions to the Union Health and Welfare Plan and the Union Pension Plan. The Union claims that this was evidence that the parties were still operating as though the collective bargaining agreement was in effect. The district court held that these contributions were not sufficient evidence of a continuing labor agreement since these payments could have been mandated by other than the collective bargaining agreement.[2]

Once the district court decided that the collective bargaining agreement had ex-

---

1. That suit was brought pursuant to both § 301 of the Labor Management Relations Act (29 U.S.C. § 185) and § 4 of the United States Arbitration Act (9 U.S.C. § 4).

2. For example, 29 U.S.C. §§ 1381–1461, the Multiemployer Pension Plan Adjustment Act of 1980, provides for employer liability for pension plan withdrawal.

pired, it turned to the question of whether Homewood had any post-expiration obligation to arbitrate. In some instances, even after a bargaining agreement has expired, there may continue to be a duty to arbitrate. *Nolde Brothers, Inc. v. Local 358, Bakery & Confectionery Workers Union*, 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977). In *Teamsters Local 703 v. Kennicott Bros. Co.*, 771 F.2d 300 (7th Cir.1985), we applied *Nolde* to a situation where a union member was fired six months after the bargaining agreement's expiration. We held that "the presumption [of the post-expiration duty to arbitrate] weakens as the time between expiration and grievance increases." 771 F.2d at 303. Both the Union and Homewood agree that if the district court did have the authority to decide the expiration issue, then *Kennicott* would control thereby obviating any post-expiration duty to arbitrate.

## II.

■ The fundamental issue to be decided in this case is not whether the district court was correct in determining that the collective bargaining agreement had expired.[3] Rather, the issue is whether a court may look to the expiration of a collective bargaining agreement to determine that the agreement's arbitration clause has expired. The Union urges that a determination that the arbitration clause has expired may be made only by an arbitrator.

Homewood relies upon *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). In Wiley, the Supreme Court addressed the question of "who shall decide whether the arbitration provisions of the collective bargaining agreement survived the ... merger." 376 U.S. at 546, 84 S.Ct. at 912. The unanimous Court ruled:

'Under our decisions, whether or not the company was bound to arbitrate, as well

as what issues it must arbitrate, is a matter to be determined by the Court on the basis of the contract entered into by the parties.' *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 241 [82 S.Ct. 1318, 1320, 8 L.Ed.2d 462].

*Wiley*, 376 U.S. at 546–547, 84 S.Ct. at 912–913.

The Union suggests that *AT & T Technologies, Inc. v. Communication Workers of America*, 475 U.S. 643, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986), mandates that a district court concern itself with only two questions. First, the court must ask whether the subject matter of the particular grievance is covered within the collective bargaining agreement between the parties.[4] And second, the court must ask whether the parties agreed in their contract to arbitrate that particular kind of grievance.

The Union's application of *AT & T* to this case is misguided. The issue before the Court in *AT & T* was not who should decide whether an arbitration agreement survives —that was a threshold factor not in dispute. Rather, *AT & T* focused on whether a court or an arbitrator should determine if a dispute came within the ambit of the arbitration agreement.

Moreover, in *AT & T* the Court reaffirmed its holding in *Wiley*. "The 'threshold question' there was whether the court or an arbitrator should decide if arbitration provisions in a collective-bargaining contract survived a corporate merger". *AT & T*, 106 S.Ct. at 1419. "[T]he question of arbitrability ... is undeniably an issue for judicial determination." *AT & T*, 106 S.Ct. at 1418. " 'Under our decisions, whether or not the company was bound to arbitrate ... is a matter to be determined by the Court *on the basis of the contract entered into* by the parties.' ... The duty to arbitrate being of contractual origin, a

---

**3.** That issue was before us in *United Paperworkers International Union v. Wells Badger Industries, Inc.*, 835 F.2d 701 (7th Cir.1987), where we agreed with the district court's determination that an arbitration clause had been extended beyond the life of the contract. However, in *United Paperworkers* we were not presented

with a challenge to the district court's authority to make such a determination.

**4.** Homewood does not dispute that Scott Mason's discharge was the type of action covered by the arbitration clause in the collective bargaining agreement it entered into in 1980.

compulsory submission to arbitration cannot precede *judicial* determination that the collective bargaining agreement does in fact create such a duty." *AT & T,* 106 S.Ct. at 1419 (emphasis added), quoting *Wiley,* 376 U.S. at 546–547, 84 S.Ct. at 912–913 (emphasis added). See also *Printing Specialties and Paper Products Union Local 680 v. Nabisco Brands, Inc.,* 833 F.2d 102 (7th Cir.1987); *Graphic Communications Union v. Chicago Tribune,* 794 F.2d 1222, 1225–26 (7th Cir.1986).

*Wiley* and *AT & T* control the outcome of this case. The collective bargaining agreement with its arbitration clause is the sole source of an arbitrator's decision making authority. Therefore, when the existence of an arbitration clause is in dispute then so is the arbitrator's authority. It is illogical to require an arbitrator, and not a court, to determine the arbitrator's authority to act. To submit the question of the existence of an arbitration agreement to an arbitrator would be a *de facto* recognition of the arbitrator's authority.

### III.

In the district court, both parties initially sought sanctions under FED.R.CIV.P. 11. Homewood sought to have them imposed against the Union for instituting this suit. The Union sought to have them imposed against Homewood due to the "frivolous" nature of Homewood's defense. The district court denied both parties' motions. In the Union's case, the district court held that the suit to compel arbitration was warranted by a good faith argument for the extension of existing law. In Homewood's case, it was not liable for sanctions because its defense was warranted by existing law.

However, the district court, *sua sponte,* sanctioned the Union and its attorney for filing the motion for sanctions against Homewood. In the district court's opinion, the Union's motion for sanctions showed complete disregard for the existing law that supported Homewood's defense. Thus, the Union's statement that "the defense set forth by the Defendant had no basis in law" was not warranted by existing law.

On appeal, the Union and its attorney present a two-fold request. First, they ask this court to vacate the district court's imposition of sanctions. Second, in the event that this court reverses the district court and rules that arbitration should proceed, they ask that we impose sanctions on Homewood (evidently pursuant to FED.R. APP.P. 38). We decline both requests. The district court properly found that the Union's motion for sanctions was unwarranted and there is nothing that would suggest that this finding is incorrect.[5] Because we have affirmed the district court, we do not cross the threshold which would lay the Union's second request at our doorstep.[6]

Homewood seeks sanctions against the Union pursuant to FED.R.APP.P. 38 for its "harassment tactic[s]" which it claims are not supported by "a shred of legal justification". Again, we decline the invitation to impose sanctions. As the district court stated "[the Union's] position is wrong, but not unwarranted"—the Union's appeal is not frivolous.

### IV.

Under *Wiley* and *AT & T,* the courts are to determine whether the parties are required to arbitrate. Consistent therewith, the courts, not arbitrators, must decide questions relating to the existence of an arbitration clause. The award of sanctions below was not clearly erroneous. The re-

5. "We review findings of fact that the district court used to determine whether Rule 11 was violated under the clearly erroneous standard." *Brown v. Federation of State Medical Bds. of the United States, et al.,* 830 F.2d 1429 (7th Cir. 1987).

6. Even if we were to reverse the district court, an award of sanctions under FED.R.APP.P. 38 would be inappropriate. Rule 38 allows a court of appeals to award damages and costs for "frivolous" appeals. An appellee defending a district court ruling can hardly be said to be pursuing a frivolous appeal for two reasons: first, the district court was convinced by his argument, thereby diluting any presumption of frivolity and second, an appellee is not the party pursuing the appeal.

quest for sanctions on appeal is DENIED, and the judgment of the district court is AFFIRMED.