Kristina Kruse LORENTZEN and Alan
Lorentzen, Plaintiffs,

v.

ANDERSON PEST CONTROL, et
al., Defendants.

No. 88 C 7142.

United States District Court,
N.D. Illinois, E.D.

Dec. 22, 1988.

Dennis E. Carlson, Chicago, Ill., for
plaintiffs.

Robert Marc Chemers, Catherine Coyne
Reiter, Pretzel & Stouffer, Lloyd E.
Williams, Lawrence Rynning, Michael Sme-
tana, Williams & Montgomery, Paul L.
Langer McDermott, Will & Emery, Grego-
ry Lawton, Matthew W. Cockrell, Victoria
A. Walkowicz, Rivkin, Radler, Dunne &
Bayh, James H. Gale, Kirkland & Ellis,
James M. Hofert, Robert A. Kezelis,
French, Rogers, Kezelis & Kominarek,
P.C., Chicago, Ill., Kenneth D. Morris,
NOR–AM Chemical Co., Wilmington, Del.,
Robert C. Moore, Marthe C. Purmal, Law
Offices of M.C. Purmal, John T. Burke,
Terrence E. Kiwala, Geoffrey A. Bryce,
Rooks, Pitts & Poust Michael W. Davis,
Stephen V. Beyer, Sidley & Austin, Chica-
go, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District
Judge.

■ By three separate minute orders,
dated September 15, September 22, and
October 6, this court set a status hearing in
this case for 9:30 a.m. on October 24, 1988.
When the case was called at around 10:00
a.m., however, plaintiff's counsel did not
appear. This court then ordered defend-
ants' counsel to prepare a motion for fees
to compensate them for their wasted time
in appearing for the hearing. Counsel for
defendant ICI Americas, Inc. has now done
so, requesting $310 for 2.00 hours of time
spent in connection with the hearing.

Plaintiff has responded with a convoluted
description of the events of October 24,
including a story about one of her attor-
neys being scheduled for trial in state court
but not going forward because the state
judge had to take his mother to the hospi-
tal, another story about a second attorney
not being "released [from criminal court]

until 10:30 a.m.," and a third about a receptionist who arrived at this court's courtroom at around 10:30 a.m. and remained there until 11:00 a.m. Plaintiff maintains that these events justify her lawyers' failure to appear, or to even inform this court that they would be running late. Plaintiff also maintains that this court has no authority to award sanctions in this case because, outside of Rule 11's prohibition against frivolous signed writings, this court may only sanction attorneys when there is "contumacious conduct or violation of orders of court," neither of which, plaintiff maintains, occurred in this case.

Plaintiff defeats herself with her own analysis. Minute orders are orders of court, and when this court sets a status hearing, it expects that order to be obeyed. Of course, if an attorney calls in advance and explains a difficulty he will be facing in making it to court at the prescribed time, this court will almost always accommodate him. But only an emergency can justify an attorney's failure to inform this court that he may not appear. No such emergency occurred here.

Plaintiff also suggests that this court should not award sanctions because she is just a lone woman, whereas her opponent in this motion is a corporation with greater financial resources to bear the cost of defense counsel's wasted appearance. That is absurd. This court is not unaware of the wide differences in the financial situations of parties before it, and always seeks to ensure that justice is done despite these disparities. But, in this situation, justice is clearly on the side of the defendant, and plaintiff's effort to turn this into a David versus Goliath saga is unwarranted.

■ Plaintiff only compounds her problems when she argues that not only is defendant undeserving of fees, but that in fact defendant should be sanctioned for bringing this motion. As plaintiff is well aware, this court ordered defendant's counsel to move for fees; to call that motion frivolous is itself frivolous.

The Seventh Circuit has made clear that motions for sanctions fall within the purview of Rule 11, *see, e.g., Local 106 v. Homewood Memorial Gardens, Inc.,* 838 F.2d 958 (7th Cir.1988), so frivolous Rule 11 motions must be sanctioned under the rule. That plaintiff "did not separately move for Rule 11 sanctions, but instead invoked the rule as part of its argument on the merits, makes no difference." *Draper and Kramer, Inc. v. Baskin–Robbins, Inc.,* 690 F.Supp. 728, 732 (N.D.Ill.1988). As this court explained in *Draper and Kramer:*

> This court appreciates that attorneys involved in heated litigation often employ rhetoric stronger than necessary, and the court can tolerate arguments harsher in tone that appropriate. This tolerance ends, however, when arguments turn into accusations of professional misconduct.

*Id.* at 732. Accordingly, this court will sanction plaintiff's counsel under Rule 11 for accusing defendant's counsel of violating the rule. Since the accusation has necessitated no further expenditures on the part of the defendant, this court will set the amount of the sanction at $40, a small but hopefully instructive punishment for the misjudgment.

### CONCLUSION

Defendant's motion for $310 in sanctions is granted. In addition, this court enters Rule 11 sanctions sua sponte against plaintiff's counsel in the amount of $40. The sanctioned attorney shall tender $40 to this court at his next appearance.