LEOCO, S.A., *et al.*, Plaintiffs-Appellants, v. CARIBE CROWN, INC., *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—89—2025

Opinion filed March 26, 1991.—Rehearing denied May 8, 1991.

Paul S. Anderson, of Sonnenberg, Anderson, O'Donnell & Rodriguez, of Chicago, for appellants.

Botti, Marinaccio, DeSalvo & Tameling, Ltd., of Chicago (Aldo E. Botti and Howard R. Wertz, of counsel), for appellees.

JUSTICE COCCIA delivered the opinion of the court:

Plaintiffs Leoco, S.A., Lincoln Diversified Systems, Inc., and A.E. Fegan, Jr., appeal from a circuit order denying their motion for sanctions and fees under section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—611). The motion sought to sanction defendants Caribe Crown, Inc., and Gerald Marchese, for filing a section 2—611 motion without grounds.

In 1984, plaintiffs filed a first amended complaint alleging tortious interference with prospective economic advantage and contractual interference. On January 28, 1987, the court denied defendants' motion for summary judgment. On December 18, 1987, plaintiffs voluntarily dismissed the case.

On January 19, 1988, defendants filed a section 2—611 motion for attorney fees and costs. Defendants' motion alleged that plaintiffs' complaint contained untrue allegations of fact; that the intent of the pleading was to harass and penalize defendants; and that plaintiff Fegan contacted potential defense witnesses and threatened them with physical harm, injury and death if they helped the defense.

A July 1988 evidentiary hearing was held, following which the court denied defendant's motion. The court stated:

"This Court will not be used as a whipping post for a litigant. I find that the 2—611 motion that was brought [by defendants] was highly improper to be brought, that you should not have brought this motion.

\* \* \*

I find no foundation for this motion whatsoever. It's denied."

The court ruled that not one of the required points for a section 2—611 motion had been met.

On August 19, 1988, plaintiffs filed their section 2—611 motion for attorney fees and costs, which is the motion at issue in this appeal.

Plaintiffs' motion alleges that defendants' section 2—611 motion was not well-grounded in fact or law, and was filed for purposes of harassment. The court subsequently denied plaintiffs' motion. At a hearing on the motion for reconsideration, the court stated that it denied the motion on the basis that it did not "know of any authority for a sanction—a 2—611 on a 2—611." The court declined to go into the specific facts underlying plaintiffs' motion until a higher court decided whether the law permitted the imposition of sanctions for the groundless filing of a section 2—611 motion. "There was no necessity for me to go any further in your motion to ferret out what was said, who said what, if there was a reasonable basis for it, if it was converted to existing law, et cetera, et cetera. I didn't do that and I think I made it clear to you last time. I asked that question during oral argument: Is there any basis for 2—611 on 2—611?"

On appeal, plaintiffs contend that, where a party moves for section 2—611 sanctions without any basis in law or fact, the court may impose section 2—611 sanctions against the moving party. We agree.

Section 2—611 of the Illinois Code of Civil Procedure, which was substantially amended effective November 25, 1986, is nearly identical to Rule 11 of the Federal Rules of Civil Procedure. (See Ill. Ann. Stat., ch. 110, par. 2—611, Supplement to Historical & Practice Notes, at 23 (Smith-Hurd Supp. 1990); *Schmitz v. Campbell-Mithun, Inc.*, (N.D. Ill. June 29, 1989), No. 88—C—2314.)[1] In the absence of any Illinois cases interpreting this question, therefore, we will consider Federal cases interpreting the issue of imposing sanctions for

---

[1] We note that section 2—611 was repealed as of August 10, 1990.

the opposing party's improper filing of a Rule 11 motion for sanctions. See *Schmitz v. Campbell-Mithun, Inc.* (N.D. Ill. June 29, 1989), No. 88—C—2314 (courts should look to Federal precedent for guidance in applying section 2—611), citing *Frisch Contracting Service Co. v. Personnel Protection, Inc.* (1987), 158 Ill. App. 3d 218, 224, 511 N.E.2d 831, 835-36; *Chicago Title & Trust Co. v. Anderson* (1988), 177 Ill. App. 3d 615, 532 N.E.2d 595 (section 2—611 nearly identical to Rule 11, and therefore court looks to Federal precedent for guidance in application of section 2—611).

Most significantly, every Federal court which has addressed the issue has held that Rule 11 motions are properly subject to the provisions of Rule 11.

See *Traina v. United States* (5th Cir. 1990), 911 F.2d 1155 (affirming imposition of sanctions for frivolous sanctions motion); *Foy v. First National Bank* (7th Cir. 1989), 868 F.2d 251 (a frivolous request for sanctions is itself sanctionable); *Roberts v. Peat, Marwick, Mitchell & Co.* (9th Cir. 1988), 857 F.2d 646, 654 (Rule 11 should not itself become a retaliatory device); *Lebovitz v. Miller* (7th Cir. 1988), 856 F.2d 902, 907 n.6 (court notes magistrate's finding that defendant's sanctions motion not so thinly based as to warrant sanctions against him); *Meeks v. Jewel Cos.* (7th Cir. 1988), 845 F.2d 1421 (under Rule 38, Rule 11's counterpart for appeals, any frivolous motion, pleading or request is subject to sanctions, including a motion or request for sanctions); *Local 106, Service Employees International Union v. Homewood Memorial Gardens, Inc.* (7th Cir. 1988), 838 F.2d 958, 961 (unwarranted motion for Rule 11 sanctions is itself sanctionable); *In re Central Ice Cream Co.* (7th Cir. 1987), 836 F.2d 1068, 1073 (noting that district court held that request for sanctions under Rule 11 was itself "sanctionably frivolous"); *Gaiardo v. Ethyl Corp.* (3d Cir. 1987), 835 F.2d 479, 484-85 (court may impose sanctions when Rule 11 is invoked for improper purpose such as additional tactic of intimidation and harassment); *Bergeson v. Dilworth* (D. Kan. Dec. 12, 1990), No. 87—1579—T (court warns that case is close to "forbidden territories" where Rule 11 motion itself may be basis for sanctions); *Ophir v. Goldstein* (S.D. N.Y. Oct. 10, 1990), No. 86 Civ. 2963 (magistrate recommends sanctions for a frivolous sanctions motion); *Eldon Industries, Inc. v. Rubbermaid, Inc.* (N.D. Ill. 1990), 735 F. Supp. 786, 795 (defendants' motion for sanctions itself violated Rule 11); *Colby v. J.C. Penney Co.* (N.D. Ill. 1989), 127 F.R.D. 509 (court imposes sanctions due to repeated, groundless requests for sanctions); *Lewandoski v. Two Rivers Public School District* (E.D. Wis. 1989), 711 F. Supp. 1486 (Rule 11 sanctions can be imposed on parties and attorneys who

make frivolous motions for Rule 11 sanctions); *Schmitz v. Campbell-Mithun, Inc.* (N.D. Ill. June 29, 1989), No. 88—C—2314 (sanctions request was sanctionable); *Quaker Oats Co. v. Uni-Pak Film Systems, Inc.* (N.D. Ill. 1987), 683 F. Supp. 1186 (court states that if Rule 11 motion is not warranted by existing law and fact, appropriate sanctions may be assessed, warning that "counsel would do well to choose their Rule 11 battles with more care"); *Williams v. Whitmill* (N.D. Ill. Aug. 12, 1986), No. 84—C—4910 (sanctions motion may be subject to provisions of rule permitting sanctions); *Harris v. WGN Continental Broadcasting Co.* (N.D. Ill. 1986), 650 F. Supp. 568 (Rule 11 motion which is not well-grounded in fact or law may result in imposition of sanctions against moving party).

■ This rule is consistent with the underlying purpose of both Rule 11 and section 2—611, which is to sanction groundless litigation proceedings. See *McMahon v. Shearson/American Express, Inc.* (2d Cir. 1990), 896 F.2d 17 (litigant should think twice before filing sanctions motion as reflex response, since the very purpose of Rule 11 is to eliminate baseless litigation).

Based on this authority, we conclude that section 2—611 motions which are filed with no foundation in fact and are unwarranted by law may result in the imposition of sanctions against the moving party. In determining whether section 2—611 sanctions should be imposed for the groundless filing of a section 2—611 motion, the court should use the same standards and factors used in deciding any section 2—611 motion. We therefore remand this case to the trial court with directions to consider the merits of plaintiffs' section 2—611 motion. In so holding, we do not intend to indicate in any way whether or not plaintiffs' motion has any validity.

■ Defendants make various arguments before this court, all of which we find unpersuasive. For example, defendants contend the appeal should be dismissed because one transcript is missing from the record and another is uncertified. Apparently no transcript exists for the hearing in question, as no court reporter was present. As to the other transcript, there is in fact a certified copy in the record.

■ Defendants point out that plaintiffs did receive partial relief when the trial court granted expenses under Supreme Court Rule 237(b). (134 Ill. 2d R. 237(b).) Under the facts before us here, the record does not show that the Rule 237(b) expenses were considered as part of the section 2—611 motion, and that ruling did not affect the trial court's determination that the section 2—611 motion could not be considered on its merits as a matter of law.

■ Defendants contend the trial court had no jurisdiction over this matter because defendants' own section 2—611 motion was filed more than 30 days after the order granting plaintiffs' motion for voluntary nonsuit and dismissal. In considering the intervening Sunday and court holiday, however, defendants' motion was timely filed and thus jurisdiction here was proper. Ill. Rev. Stat. 1987, ch. 110, par. 2—1203.

■ Finally, we are unpersuaded by defendants' contention that plaintiffs' motion was untimely because under Supreme Court Rule 182(c) a motion "attacking a pleading other than the complaint must be filed within 21 days after the last day allowed for the filing of the pleading attacked." (134 Ill. 2d R. 182(c).) We find nothing in the law indicating that Rule 182(c) extends to a request for sanctions which, in effect, always attacks the pleader, not the pleading itself.

For the foregoing reasons, the judgment of the circuit court is reversed and the cause is remanded for further proceedings in accordance with the holdings contained herein.

Reversed and remanded with directions.

HARTMAN and DiVITO, JJ., concur.