Joseph LYZNICKI, Plaintiff-Appellant,

v.

BOARD OF EDUCATION, SCHOOL DISTRICT 167, COOK COUNTY, ILLINOIS, et al., Defendants-Appellees.

No. 82–2201.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 21, 1983.

Decided May 19, 1983.

 

Marilyn F. Longwell, Chicago, Ill., for plaintiff-appellant.

Ralph Miller, Chicago, Ill., for defendants-appellees.

Before PELL, POSNER and COFFEY, Circuit Judges.

POSNER, Circuit Judge.

Joseph Lyznicki was the principal of an Illinois public high school. In February 1980 the school district's board of education voted to renew his contract for the next academic year (1980–1981), but in June, at the recommendation of the school superintendent and without notice to Lyznicki, the board changed its vote and directed that Lyznicki's principal's contract not be renewed for the next year, that instead he be demoted to a regular classroom teacher but with no reduction in salary. Later the board sent him a written notice stating only that the change was in the best interests of the district. Lyznicki then brought this suit under 42 U.S.C. § 1983 against the superintendent, the board, and various members of the board, seeking damages and reinstatement. He alleged that the defendants had infringed his freedom of speech under the First Amendment, made applicable to the states by the Fourteenth Amendment; deprived him of a property right in continued employment as a principal, without due process of law and therefore in violation of the Fourteenth Amendment; and violated the Illinois School Code. The district court granted summary judgment for the defendants on all but the First Amendment claim, which went to trial, resulting in a verdict for the defendants. The district court then entered a final judgment dismissing the complaint, and Lyznicki has appealed—but has dropped his First Amendment claim.

Lyznicki had tenure as a teacher, and if he had been discharged from his teaching position he would have been able to complain that he had been deprived of a property right within the meaning of the Fourteenth Amendment. *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Whether demotion without loss of pay would be a "deprivation" in a constitutional sense may be doubted but is not a question we need decide. A prior question is whether he had any right under state law, see *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), to continued employment as a principal. Lyznicki cannot base such a right on contract. He had only a yearly contract as a principal and he was not terminated till the end of the contract year, which was in June. It is true that in February the board had voted to renew his contract, and if he had then signed a contract with the board for the following year, and the board had broken the contract, he would be able to complain of the deprivation of a property right under *Hostrop v. Board of Junior College Dist. No. 515*, 471 F.2d 488, 494 (7th Cir.1972), and under our very recent decision in *Vail v. Board of Educ. of Paris Union School Dist. No. 5*, 706 F.2d 1435 (7th Cir.1983). But no contract was signed. There was at most an offer; there was no acceptance.

Lyznicki argues that the Illinois School Code gave him a property right in contin-

ued employment as a principal, quite apart from any contract. He relies on Ill.Rev. Stat. 1981, ch. 122, § 10–23.8b, which is also the basis of his pendent state law claim. That section provides that no principal who like Lyznicki has completed two or more years of administrative service in the school district "may be reclassified by demotion or reduction in rank from one position to another for which a lower salary is paid without written notice from the board of the proposed reclassification by April 1 of the year in which the contract expires." Within ten days of receiving such notice, the principal may request, and is entitled to receive, a private hearing, and if he is not satisfied with its results a public hearing, before the board of education. But "nothing in this Section prohibits a board from ordering lateral transfers of principals to positions of similar rank and equal salary." Lyznicki received no notice by April 1.

▮ Although the statute confers a right to a hearing, no standards are prescribed for the board to follow at the hearing; it seems it can reclassify a principal, after expiration of his yearly contract, for any reason or no reason. It is hard to believe that a right to a particular office is created by a statute that allows the "right" to be terminated in the employer's discretion. Taking the statute as a whole, it makes employment as a principal employment at will, which *Roth* held created no Fourteenth Amendment property right, 408 U.S. at 578, 92 S.Ct. at 2709, and which indeed is the opposite of the lifetime (tenure) employment that *Perry* held was a Fourteenth Amendment property right. A mere right to notice and a hearing, which places no more constraint on the employer's freedom of action than is inherent in having to confront the employee in a public forum, does not change the essential character of the employment relationship as one of employment at will; it does not convert it into a form of tenure employment and thus create a Fourteenth Amendment property right. There is too much authority to this effect in this circuit, see, e.g., *Endicott v. Huddleston,* 644 F.2d 1208, 1214 (7th Cir. 1980), for us to regard the question as an open one.

We need not decide whether it might be possible somehow to distinguish the present case. The plaintiff's argument depends in any event on the statute's being applicable to his particular reclassification; and we must consider that applicability anyway to resolve his pendent claim.

▮ But for the "nothing ... prohibits" clause in the statute, it would be clear that Lyznicki was not within its protection. The only reclassifications the statute is concerned with are those that involve a reduction in salary, and Lyznicki's salary was not reduced. If, as Lyznicki would have us do, we place commas after "demotion" and "paid" in the statute, "demotion" would then mean a reduction in rank that did not result in a lower salary—an odd meaning to impress on the word. Demotion and reduction in rank must be synonyms in the statute as they are in ordinary language. Although one sentence in the legislative history supports Lyznicki's reading ("When the principal is notified that he is being reclassified or reduced in rank or shifted around, if he wants to, he may request a ... hearing"), the dominant impression conveyed by the history is that the draftsmen wanted to give a measure of procedural protection to school administrators who, lacking tenure protection, were exposed to having their pay reduced as the result of being demoted or, as in Lyznicki's case, returned to the ranks of the classroom teachers. (The legislative history, consisting of the transcript of the floor debates, is not published, but is reproduced in an appendix to the appellees' brief, and the appellant does not question its accuracy.)

▮ The "nothing ... prohibits" clause in the statute, read literally, does define "lateral transfer" as a transfer to a position of "similar rank and equal salary." But we are reluctant to draw the inference that the statute covers every change in rank. It would have been awfully easy to say just that; the focus, so far as we are able to find one in an ambiguous statute that the courts of the state have not con-

strued and that the legislative history does not illuminate, is on the protection of salary rather than office.

Since there was no breach of contract, and no violation of the statute that is alleged to provide an alternative source for Lyznicki's alleged property right to remain a principal, his due process claim was properly dismissed. Ordinarily when the federal claims are dismissed before trial, any pendent state-law claim is dismissed for lack of jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). But since here one of the federal claims—Lyznicki's now abandoned First Amendment claim—was tried, the district court was acting well within its discretion in deciding the pendent claim on the merits.

AFFIRMED.