**Orval MEEKS, Plaintiff–Appellant,**

v.

**JEWEL COMPANIES, INC., a New York Corporation, Defendant–Appellee.**

No. 87–2719.

United States Court of Appeals, Seventh Circuit.

Submitted March 17, 1988.

Decided April 29, 1988.

Rehearing and Rehearing En Banc Denied June 30, 1988.

Wayne B. Giampietro, Witwer, Burlage, Poltrock & Giampietro, Chicago, Ill., for plaintiff-appellant.

Terrill E. Pierce, Kovar Nelson Brittain & Sledz, Chicago, for defendant-appellee.

Before CUMMINGS, POSNER, and EASTERBROOK, Circuit Judges.

PER CURIAM.

The merits of this appeal, which is from the grant of summary judgment to the defendant in a Title VII employment discrimination suit, involve no issue of general significance; they are discussed in an unpublished order, issued today, affirming the district court's judgment. This opinion is limited to the defendant's request for attorney's fees under Rule 38 of the Federal Rules of Appellate Procedure, a rule that empowers us to impose sanctions for frivolous appeals.

The plaintiff's appeal, although not meritorious, is plainly not frivolous; it is the defendant's request for Rule 38 sanctions that is frivolous. We are troubled by the frequency with which lawyers in this court, whether representing appellants or appellees, are including in their briefs groundless requests for Rule 38 sanctions. The attitude seems to be, it can't hurt to ask. It can. Any frivolous motion, pleading, or request is subject to sanctions, including a motion or request for sanctions. *In re Central Ice Cream Co.*, 836 F.2d 1068, 1074 (7th Cir.1987). We remind the bar that sanctions will be forthcoming if counsel routinely request Rule 38 sanctions without careful investigation to determine that the appeal or defense sought to be sanctioned is indeed frivolous. See also *Aircraft Trading & Services, Inc. v. Braniff, Inc.*, 819 F.2d 1227, 1236 (2d Cir.1987).

The request for Rule 38 sanctions is DENIED, and, as a modest sanction for the filing of that frivolous request, the defendant shall bear its costs of defending the appeal even though it won.