**Frances T. LEWANDOWSKI, Plaintiff,**

v.

**TWO RIVERS PUBLIC SCHOOL DISTRICT, Clarence J. Novachek, Gary R. Schmidt, Keith F. Martin, John Webster, Patricia Bannen, Patrick Gagnon, Rita Costello Krueger, Roland Puls and Frank J. Helquist, Defendants.**

No. 88–C–745.

United States District Court, E.D. Wisconsin.

April 25, 1989.

Thomas J. Parins, Green Bay, Wis., for plaintiff.

Stephen P. Juech, Frisch, Dudek & Slattery, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

CURRAN, District Judge.

Frances T. Lewandowski, the plaintiff in the above-captioned case, is suing the Two Rivers (Wisconsin) Public School District, seven members of its Board of Education (Clarence J. Novachek, Gary R. Schmidt, John Webster, Patricia Bannen, Patrick Gagnon, Rita Costello Krueger and Roland Puls), Keith F. Martin, District Administrator, and Frank J. Helquist, Assistant Superintendent of Instructional Services. She seeks declaratory and equitable relief as well as compensatory and punitive damages from the defendants for allegedly terminating her employment as a grade school reading teacher in November of 1986, in violation of her constitutional rights and her rights under state law.

Lewandowski's complaint sets forth five causes of action:

FIRST CAUSE OF ACTION: By actually and/or constructively discharging plaintiff without affording her the mandated procedural requirements under section 111.70 of the Wisconsin

Statutes, the defendants have deprived plaintiff of her property interest in her tenured teaching position without due process of law guaranteed under the fifth and fourteenth amendments to the United States Constitution and 42 U.S.C. § 1983.

SECOND CAUSE OF ACTION: By actually and/or constructively discharging plaintiff from her tenured teaching position without providing her with a notice of charges and a fair and impartial hearing, defendants have deprived plaintiff of her property interest in her tenured teaching position without due process of law guaranteed under Article One of the Constitution of the State of Wisconsin and section 111.70 of the Wisconsin Statutes.

THIRD CAUSE OF ACTION: By actually and/or constructively discharging plaintiff from her tenured teaching position without providing her with notice of charges and a fair and impartial hearing required by section 111.70 of the Wisconsin Statutes, defendants acted in an unreasonable, arbitrary and capricious manner and have, thereby, deprived plaintiff of equal protection of the laws guaranteed under the fifth[1] and fourteenth amendments of the United States Constitution and 42 U.S.C. § 1983.

FOURTH CAUSE OF ACTION: By actually and/or constructively discharging plaintiff from her tenured teaching position without providing her with notice of charges and a fair and impartial hearing required by section 111.70 of the Wisconsin Statutes, defendants acted in an unreasonable, arbitrary and capricious manner and have, thereby, deprived plaintiff of equal protection of the laws guaranteed under Article One of the Constitution of the State of Wisconsin.

FIFTH CAUSE OF ACTION: By actually and/or constructively discharging plaintiff from her tenured teaching position without just cause or reason, and solely and exclusively for false, arbitrary and unreasonable grounds, defendants have deprived plaintiff of property rights without due process of law and in violation of the equal protection of the laws contrary to the United States [sic] and the Constitution of the State of Wisconsin and section 111.70 of the Wisconsin Statutes.

*See* Complaint at ¶¶ 35–39.

The plaintiff seeks relief pursuant to 42 U.S.C. § 1983 which provides an avenue of redress for a person injured by any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects or causes to be subjected, any citizen of the United States ... to the deprivations of any rights, privileges, or immunities secured by the Constitution and laws...." If the plaintiff has stated a claim for the deprivation of a federal right, this court will have jurisdiction over the subject matter of such a claim under 28 U.S.C. §§ 1331 and 1343(a)(3) and will have pendent jurisdiction over the claims brought under state law.

The defendants answered the complaint; then, after the close of all discovery of fact witnesses, moved for summary judgment on the grounds that there are no material issues of fact in dispute and that they are entitled to judgment as a matter of law. *See* Federal Rule of Civil Procedure 56. This motion is now fully briefed and ready for decision.[2]

---

1. The Fifth Amendment to the United States Constitution does not contain an equal protection clause.

2. On the same day the defendants filed their motion for summary judgment, the plaintiff moved to amend her complaint to add a Sixth Cause of Action alleging that the defendants had deprived her of rights, privileges and immunities secured to her as a handicapped individual under the provisions of the Wisconsin Fair Employment Act (WFEA), Wis.Stat. §§ 111.31–.395.

The court denied this motion on the ground that the Wisconsin Fair Employment Act does not provide a private cause of action. *See* Order of March 28, 1989. Nevertheless, Lewandowski's brief in response to the motion for summary judgment includes arguments which assume that she is legally handicapped and can maintain a claim under the Wisconsin Fair Employment Act. She has also included an argument that "federal law [29 U.S.C. § 794] imposes an affirmative duty upon the defendants to accom-

## I. FACTS

For purposes of this motion, the material facts, as recounted by the defendants from the documents in the record, are that:

Lewandowski has been a teacher in the Two Rivers Public School District since 1966. As a public school teacher she is represented by her union, the Two Rivers Educational Association, in matters of wages, hours and working conditions. Sec. 111.70, Wis.Stats. Prior to 1966, she taught remedial reading in the Milwaukee Public Schools. On June 1, 1979, Lewandowski was a second grade teacher at Magee School in the Two Rivers Public School District. Her principal notified Ms. Lewandowski that there would be a reduction in staff at the second grade level. Following this notification, Lewandowski wrote a letter to D.P. Rice, then the District Administrator of the Two Rivers School District.

> I am requesting a transfer from my present position to one of teaching reading. I have a Wisconsin license for teaching reading and I've taught fifth, sixth and fourth grade reading in the Reading Center at Riley School in Milwaukee.
>
> If such a position is not available, I would like to request a transfer to the third grade position at Magee School.

In her deposition she stated she was told she would be transferred to the seventh and eighth grade reading position shortly *after* writing this letter. Then on June 18, 1979, Rice wrote Lewandowski a letter asking if she would prefer a position in third grade or teaching reading in grades 7 and 8 at Clarke School. She wrote that she would accept the reading assignment. She acknowledges that she could have accepted the position of grade 3 and she did not. The 1979 transfer was not grieved through the grievance procedure available in the Collective Bargaining Agreement. Lewandowski's explanation for her actions in accepting the transfer to seventh and eighth grade reading was that she did not realize the stress of the job when she asked for the transfer and because all of her teaching supplies were already moved to Clarke School, she did not "feel like" moving them again.

Lewandowski continued to teach seventh and eighth grade reading successfully until November of 1986 when she left her classroom and did not return. She testified that the only variable that had changed since 1979 was that she had received four additional reading students and had learned in August or September of 1986 that she would have to plan an eighth grade reading curriculum. She believes the curriculum assignment and the additional students were "just the trigger" which caused her to feel so much stress she had to leave her teaching assignment. Lewandowski did not seek any treatment for emotional stress until February of 1987. Subsequent to her departure from the classroom, the district continued her on a leave status. Lewandowski signed teaching contracts for the years 1986–87, 1987–88, and 1988–89.

Brief in Support of Defendants' Motion for Summary Judgment at 3–5 (citations omitted).

In an affidavit responding to the summary judgment motion the plaintiff points out that she holds a certificate from the State of Wisconsin to teach kindergarten through third grade, but admits that she is also certified to teach remedial reading and general reading to students in kindergarten through eighth grade. *See* Affidavit of Frances T. Lewandowski at ¶ 1. She says that, after her transfer, she became "extremely dissatisfied" with her duties and repeatedly requested a transfer to any available vacancies in the kindergarten through third grade levels. *See Id.* at ¶¶ 2–4. The defendants did not grant her requests. When vacancies arose, they

modate plaintiff's clear handicap." Brief in Opposition to Defendants' Motion for Summary Judgment at 8. Because Lewandowski's motion to add a claim under the WFEA was denied and because the claim under the Rehabilitation Act of 1973, 29 U.S.C. §§ 791–794d, was not asserted in a pleading, the court will not consider the plaintiff's arguments that she was deprived of rights and procedures guaranteed by these state and federal statutory schemes.

were filled by other teachers from the School District or by newly hired teachers. *See Id.* at ¶¶ 4, 12, 13 & 16.

Lewandowski alleges that: "In November of 1986, due to increased pressures of her teaching duties, affiant's emotional and physical condition deteriorated to the point that she could no longer carry out her duties of teaching 7th and 8th grade general reading." *Id.* at ¶ 6. According to the plaintiff, she took paid sick leave, which she had accrued under the terms of the collective bargaining agreement, until it ran out in January of 1987. *See Id.* at ¶ 8. She says she then requested a medical leave of absence, but that this was denied by the School District. *See Id.* at ¶ 9. *See also* Affidavit of Thomas J. Parins at Exhibit E.

Despite Lewandowski's characterization of her status, letters written to her by the School District in 1989 state that the District has considered her to be on a medical leave of absence. The contractual leave period has not yet ended, but in February of 1989, the Two Rivers Board of Education informed the plaintiff by letter that:

> This is a preliminary notice that the Board of Education is considering nonrenewal of your teaching contract with the Two Rivers Public School District.
>
> The reason for this nonrenewal consideration is because you, your personal psychiatrist, and the psychiatrist who examined you pursuant to Sec. 12.5(d) of the Collective Bargaining Agreement have stated you will be medically unable to perform your regular duties of teaching reading at the 7th and 8th grade level during the 1989–90 school year. Your disability took place in November of 1986; therefore, you will have been on a medical leave of absence for two full contract years as of the end of the 1988–89 school year.

In view of the above, please be advised that if you wish to have a private conference with the Board prior to a final decision concerning nonrenewal of your 1989–90 contract you must file a request with the Board within five (5) days after receiving this preliminary notice.

Affidavit of Thomas J. Parins at Exhibit D (Letter of February 21, 1989, from John M. Webster to Frances Lewandowski). On March 13, 1989, after notifying Lewandowski of a meeting to consider nonrenewal of her contract and again offering her a chance for a hearing, the School Board of the Two Rivers School District voted not to renew her contract. *See Id.* at Exhibit D (Letter of March 13, 1989, from John M. Webster to Frances Lewandowski) and (Letter of March 7, 1989, from Jerry R. Quandt to Frances Lewandowski).

The exact status of Lewandowski's leave appears to be in dispute. However, the dispute is over nomenclature rather than substantive facts. The defendants point out that the collective bargaining agreement definition of "medical leave" applies only to nonoccupational injuries. *See* Affidavit of Kaye K. Vance at Appendix 14. Lewandowski has consistently alleged that her illnesses were caused by work-related stress.[3] Therefore, the School District could not grant "medical leave," as that status is defined in the collective bargaining agreement, on the basis of an alleged occupational illness. Nevertheless, the defendants explain that "the District treated her as if she were on medical leave." Reply Brief in Support of Summary Judgment Motion at 8. At her deposition Lewandowski agreed. *See* Affidavit of Kaye K. Vance at Appendix 2, p. 13. Later, the plaintiff attempted to deny this statement in an affidavit. *See* Affidavit of Frances T. Lewandowski at ¶ 9. However, retractions such as this are seldom successful. Courts

---

**3.** Lewandowski sought Worker's Compensation benefits for the mental and physical illnesses she claims are work-related. After a hearing on October 6, 1988, benefits were denied. The administrative law judge found that:

> In short, even though the applicant was
> ' caused stress by her job, and has been off
> since the date claimed for her injury caused

by that stress, she is not entitled to benefits under the Worker's Compensation Act because the stress, as she complained of and as was proved at hearing, was not so extraordinary as to be beyond that which must be experienced from day-to-day by employees and teachers generally.

Affidavit of Kaye K. Vance at Appendix 6, p. 7.

have held that: "When a party tries to create a genuine issue of fact by submitting an affidavit which contradicts clear deposition testimony, the Court must disregard the affidavit, unless the affiant shows [she] was confused at the deposition or if the affiant sets forth newly discovered evidence." *Rubin v. Rudolf Wolff Commodity Brokers, Inc.*, 636 F.Supp. 258, 262 (N.D.Ill.1986). The plaintiff claims to have been confused, but this claim is not supported by any showing of confusion or undue pressure apparent in the deposition transcript. Therefore, the court will consider it to be undisputed that the plaintiff was on leave status from November 20, 1986 to the present.

## II. DEFENDANTS' BASES FOR GRANT OF SUMMARY JUDGMENT

Under the facts recounted above, the defendants have moved for summary judgment on several grounds:

First, defendants seek entry of summary judgment dismissing the plaintiff's entire claim for the following reasons:

(1) Lewandowski has no property interest in teaching at a particular grade level. Therefore, there is no deprivation of due process.

(2) Because Lewandowski was not constructively discharged, there is no denial of due process.

(3) Lewandowski's proper avenue of redress was the collectively bargained grievance procedure which provides the due process to which she is entitled.

Second, her state claim brought under Section 111.70 must be dismissed because she did not pursue the grievance procedure available to her. Third, if it should be determined that Lewandowski was deprived of due process regarding her assignment to teach seventh and eighth grade reading, the motion for summary judgment should be granted because her claim is barred by the applicable statutes of limitations. Each of these questions present issues of law for the Court to resolve.

Alternatively, the District Administrators and Board members are protected from liability for damages by the doctrine of qualified immunity. Because punitive damages are unavailable from a school district, the claim is frivolous, therefore, defendants seek Rule 11 sanctions.

Brief in Support of Defendants' Motion for Summary Judgment at 6–7.

## III. LEGAL STANDARDS FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56(c), parties moving for summary judgment must show that the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving parties are entitled to a judgment as a matter of law. *See Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *McGraw–Edison Company v. Walt Disney Productions*, 787 F.2d 1163, 1167 (7th Cir. 1986). When faced with a properly supported motion for summary judgment, the nonmovant may not avoid judgment by simply resting on her pleadings. If the nonmovant bears the burden of production on an issue at trial, she must affirmatively demonstrate, by specific showings, that there is a genuine issue of material fact requiring a trial. *See First National Bank of Cicero v. Lewco Securities Corporation*, 860 F.2d 1407, 1411 (7th Cir.1988).

A "genuine" factual issue is one that properly can be resolved only by a finder of fact because it may reasonably be resolved in favor of either party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A summary judgment procedure is not meant to be a trial on affidavits. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.... The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Anderson*, 477 U.S.

at 255, 106 S.Ct. at 2513. At the summary judgment stage the judge's function is to determine whether there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See First National Bank of Arizona v. Cities Service Company,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968). This inquiry implicates the substantive evidentiary standard of proof that would apply at a trial on the merits. Thus, in a civil case such as this, the record must show that a jury could find by a preponderance of the evidence that the party upon whom the burden of proof is imposed is entitled to a verdict in her favor. *See Anderson* 477 U.S. at 252, 106 S.Ct. at 2512. If that party's evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See Id.* at 249–50, 106 S.Ct. at 2510–11.

"As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. at 2510. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

4. Lewandowski's Fifth Cause of Action does not specify whether she is claiming to be deprived of procedural or substantive due process, but the court is assuming that the allegation concerns procedural due process because she is claiming to have been deprived of a state-created property right to employment and the Seventh Circuit has stated that "we do not believe that substantive due process protects state-created property rights." *Kauth v. Hartford Insurance Company of Illinois,* 852 F.2d 951, 957 (7th Cir.1988). *See also Brown v. Brienen,* 722 F.2d 360, 367 (7th Cir.1983).

5. Lewandowski also claims that she was not afforded the "mandated procedural requirements" under section 111.70 of the Wisconsin

## IV. DISCUSSION AND DECISION

In this case the plaintiff claims that she was deprived of rights guaranteed by the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, so the governing law is found in that amendment and in the vast body of judicial opinions construing the amendment. Establishing liability for a Fourteenth Amendment claim under 42 U.S.C. § 1983 requires proof that (1) the defendants acted under color of state law, (2) the defendants' actions deprived the plaintiff of rights, privileges or immunities guaranteed by the United States Constitution, and (3) the defendants' conduct proximately caused the plaintiff's deprivation. *See Volk v. Coler,* 845 F.2d 1422, 1430 (7th Cir.1988). The potentially dispositive issue raised by the defendants is whether Lewandowski has satisfied the second prong of this test. They contend that she has not established that she was deprived of a constitutionally protected right.

### A. DUE PROCESS

■ The plaintiff's First and Fifth Causes of Action allege that the defendants deprived her of her right to procedural due process [4] guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution by actually or constructively discharging her "without just cause or reason, and solely and exclusively for false, arbitrary and unreasonable grounds." [5] Complaint at ¶¶ 35

Statutes. Section 111.70, entitled "Municipal Employment," is a very long statute encompassing nine major subsections—most with additional subsections. The plaintiff has not identified which subsection sets forth these "mandated procedural requirements" and the court can find none. The statute merely gives municipal employees the right of self organization and the right to bargain collectively. *See* Wis.Stat. § 111.70(2). Any specific procedural requirements must be found in the collective bargaining agreement between the Two Rivers Public School District and the Two Rivers Education Association. *See* Affidavit of Kaye K. Vance at Appendix 1.

Although this Decision does not reach the question of what procedures would have been

& 39. There are four elements of a procedural due process claim under section 1983. A claimant must show that: (1) a person acting under color of state law (2) deprived plaintiff (3) of constitutionally protected property (4) without due process of law. *See McAdoo v. Lane,* 564 F.Supp. 1215, 1221 (N.D.Ill.1983), *aff'd,* 774 F.2d 1168 (7th Cir.1985). The threshold inquiry in determining whether a complaint states a cause of action based on the denial of procedural due process is whether the plaintiff has shown that the government has infringed upon a personal interest protected by the Fourteenth Amendment—either life, liberty, or property. Only when the complaint can show a deprivation of a constitutionally protected interest does due process of law require that certain procedural safeguards be extended before the state can extinguish that interest. *See Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972); *Hostrop v. Board of Junior College District 515,* 471 F.2d 488, 494 (7th Cir.1972), *cert. denied,* 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976) and 411 U.S. 967, 93 S.Ct. 2150, 36 L.Ed.2d 688 (1973).

■ In this case the plaintiff is attempting to state a claim for the deprivation of a property right. "Property," as that word has been understood in cases interpreting the Due Process Clause of the Fifth and Fourteenth Amendments, is an entitlement—a valuable right that cannot be withdrawn unless a specified substantive condition comes to pass. *See Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 541, 105 S.Ct. 1487, 1492–93, 84 L.Ed.2d 494 (1985); *Lim v. Central DuPage Hospital,* 871 F.2d 644, 646 (7th Cir.1989); *Patterson v. Portch,* 853 F.2d 1399, 1405 (7th Cir.1988). Property interests are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law. *See Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Wolf v. City of Fitchburg,* 870 F.2d 1327, 1330 (7th Cir.1989). The "source of the interest must 'secure certain benefits' and 'support claims of entitlement to those benefits.' " *Ratliff v. City of Milwaukee,* 795 F.2d 612, 624 (7th Cir.1986) quoting *Board of Regents v. Roth,* 408 U.S. at 578, 92 S.Ct. at 2709–10. Public employment contracts can create a property interest in a term of employment under state law. *See Brown v. Brienen,* 722 F.2d 360, 363 (7th Cir.1983); *Hostrop,* 471 F.2d at 494. Likewise, a property interest in a job can be created by a collective bargaining agreement. *See Ratliff,* 795 F.2d at 624. If an entitlement in a term of employment is created, the government employer must provide the employee with notice and an opportunity to be heard before extinguishing the term of employment. *See Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972); *Board of Regents v. Roth,* 408 U.S. at 576–77, 92 S.Ct. at 2708–09; *Hostrop,* 471 F.2d at 494.

■ Lewandowski was a tenured teacher. Thus, her right to continued employment could not be terminated except for cause and by procedures comporting with due process. *Cf. McAdoo v. Lane,* 564 F.Supp. 1215, 1221 (N.D.Ill.1983), *aff'd,* 774 F.2d 1168 (1985). But the undisputed facts in this record raise the question of whether Lewandowski has suffered an actual or constructive termination of her constitutionally protected property right to continued employment as a teacher in the Two Rivers Public School District, as she claims, or whether she has merely been denied an expectancy interest in a specific teaching assignment. A mere expectancy interest is not considered property in the constitutional sense. *See Yatvin v. Madison Metro-*

due Lewandowski had she been deprived of a constitutionally protected property right, it should be noted that a plaintiff cannot maintain a federal due process claim based on deprivations of an alleged right to procedures guaranteed by a state statute or by a contract. *See Lim v. Central DuPage Hospital,* 871 F.2d 644, 648

(7th Cir.1989) ("a contract right merely to specified procedures ... is not a property right in the constitutional sense"); *Boston Environmental Sanitation Inspectors Association v. Boston,* 794 F.2d 12, 13 (1st Cir.1986) ("mere violation of state statutory requirements does not offend federal constitutional due process").

*politan School District,* 840 F.2d 412, 417 (7th Cir.1988).

The plaintiff says that the gravamen of her "complaint arose in November of 1986 when she became physically and mentally impaired to the point where she could not teach 7th and 8th grade general reading." Brief in Opposition to Defendants' Motion for Summary Judgment at 14. At her deposition Lewandowski stated that in 1979, she voluntarily accepted a transfer from teaching second grade to teaching seventh and eighth grade general reading. *See* Affidavit of Kaye K. Vance at Appendix 2, p. 55. Thereafter, her repeated requests to be re-transferred to a primary grade teaching position were denied. Finally, by November 20, 1986, the plaintiff felt the assignment to be so stressful that she left work and has refused to return unless she is assigned to teach in the lower grades. *See Id.* at Appendix 2, p. 41.

The record shows that Lewandowski's term of employment was not actually terminated in November of 1986.[6] Indeed, she voluntarily put herself on leave, while her position as a seventh and eighth grade general reading teacher remained open to her for the remainder of the 1986–87 school year. Thereafter, the Two Rivers School District offered her contracts to teach seventh and eighth grade general reading during the 1987–88 and 1988–89 school years. *See* Affidavit of Kaye K. Vance at Appendix 5. Lewandowski accepted and signed these contracts, but she did not return to the position.

Even though there was no actual termination of Lewandowski's tenured employment as a teacher in the Two Rivers Public School District in 1986, the court must also consider the plaintiff's theory that her employment was constructively terminated during the 1986–87 school term. She alleges that she left her position on November 20 because the stress of teaching general reading to seventh and eighth grade students ruined her mental and physical health and made it impossible for her to continue.

The Seventh Circuit has stated that a public employer which drives "an employee having a contract of employment to resign by making life unbearable for [her] through excessive demands for overtime or other breaches of the employment contract, might be violating the Fourteenth Amendment and section 1983." *Brown v. Brienen,* 722 F.2d at 365. *Accord Patterson v. Portch,* 853 F.2d at 1406; *Parrett v. City of Connersville, Indiana,* 737 F.2d 690, 694 (7th Cir.1984), *cert. dismissed,* 469 U.S. 1145, 105 S.Ct. 828, 83 L.Ed.2d 820 (1985). However, the decision to resign must be objectively reasonable. The determinative factor is not the employer's intentions, but the effect of the conditions on a reasonable employee. *See Jett v. Dallas Independent School District,* 798 F.2d 748, 755 (5th Cir.1986), *cert. granted on other grounds,* —— U.S. ——, 109 S.Ct. 363, 102 L.Ed.2d 353 (1988). A plaintiff's "subjective impressions as to the desirability of one position over another", for example, are not controlling. *Kelleher v. Flawn,* 761 F.2d 1079, 1086 (5th Cir.1985). The working conditions must be intolerable to a reasonable person—not an overly sensitive person. *See Jett v. Dallas Independent School District,* 798 F.2d at 755 (loss of coaching responsibilities not so intolerable, humiliating or embarrassing that a reason-

---

**6.** It was not until 1989, that the Two Rivers Public School District notified Lewandowski that it was considering not renewing her teaching contract. The School District offered her an opportunity for a hearing, but apparently she did not exercise her right to have this hearing. *See* Affidavit of Thomas J. Parins at Exhibit D. Finally, on March 13, 1989, Lewandowski was notified that the Board had voted not to renew her contract. *See Id.* Therefore, her term of employment with the defendant School District will not actually be terminated until the end of the 1988–89 contract year. *See Lyznicki v. Board of Education,* 707 F.2d 949, 951–52 (7th Cir.1983).

In any event, the claims at issue in this case do not involve this impending termination and, even if they did, a plaintiff cannot complain of not receiving due process when she has elected to forego the hearing offered. *See Maples v. Martin,* 858 F.2d 1546, 1551 (11th Cir.1988); *Boston Environmental Sanitation Inspectors Association v. Boston,* 794 F.2d 12, 13 (1st Cir. 1986).

able person would have no choice but to resign).

Courts have found a constructive discharge when an employee has been demoted or suffered a significant loss in responsibilities, salary or rank.[7] *See, e.g., Parrett v. City of Connersville, Indiana,* 737 F.2d 690 (7th Cir.1984) (former chief of police detectives demoted to line captain in uniformed force and given no work), *cert. dismissed,* 469 U.S. 1145, 105 S.Ct. 828, 83 L.Ed.2d 820 (1985). However, mere transfers and reassignments have generally not been held to constitute a constructive discharge or to implicate a constitutionally protected property interest. The Seventh Circuit has taken the position that: "Disputes over ... work assignments ... do not implicate the great objects of the Fourteenth Amendment." *Brown v. Brienen,* 722 F.2d 360, 365 (7th Cir.1983). *See also, e.g., Maples v. Martin,* 858 F.2d 1546, 1550 (11th Cir.1988) (five tenured university professors had no property interest in teaching in mechanical engineering department rather than in other engineering departments at university); *Volk v. Coler,* 845 F.2d 1422, 1430 (7th Cir.1988) (plaintiff had no property interest in employment at particular office of state welfare agency); *Garvie v. Jackson,* 845 F.2d 647, 651 (6th Cir.1988) (no property interest at issue when department head reassigned to regular teaching duties); *Jett v. Dallas Independent School District,* 798 F.2d at 755 (teacher had no property interest protected by due process in duties and responsibilities as coach); *Childers v. Independent School District,* 676 F.2d 1338, 1341 (10th Cir.1982) (tenured teacher had property interest in continued employment but not in particular assignment); *Kelleher v. Flawn,* 761 F.2d 1079, 1087 (5th Cir.1985) (assistant instructor had no entitlement to teach specific courses).

A particular job assignment is considered a noneconomic benefit of employment and, as such, is not protected by due process. *See Ramsey v. Board of Education of*

*Whitley County, Kentucky,* 844 F.2d 1268, 1274–75 (6th Cir.1988) ("an interference with a property interest in a pure benefit of employment, as opposed to an interest in the tenured nature of the employment itself, is an interest that can be and should be redressed by a state breach of contract action and not by a federal action under section 1983"). The Fifth Circuit has explained that:

When a public employee has a legitimate entitlement to his employment, the due process clause may protect as "property" no more than the status of being an employee of the governmental employer in question together with the economic fruits that accompany the position. Although the governmental employer may specifically create a property interest in a noneconomic benefit—such as a particular work assignment—a property interest in employment generally does not create due process property protection for such benefits. Of course, a significant loss in responsibilities may result in a deprivation of a liberty interest when the plaintiff has been stigmatized. Moreover, an employee's loss of noneconomic benefits may support an action for breach of contract. However, not every breach of an employment contract on the part of the government amounts to a deprivation of a property interest.

*Jett v. Dallas Independent School District,* 798 F.2d at 754 n. 3.

In this case Lewandowski wants the court to conclude that, by not transferring her to a primary grade teaching position, the defendants have deprived her of her property right to tenured teaching employment in the Two Rivers Public School District. However, the record does not support such a conclusion under the governing law.

Lewandowski's voluntary transfer to the seventh and eighth grade general reading assignment in 1979 did not result in any

**7.** The Fifth Circuit has adopted a narrow view of this cause of action by holding that: "Constructive discharge in a procedural due process case constitutes a § 1983 claim only if it amounts to forced discharge to avoid affording pretermination hearing procedures." *Fowler v. Carrollton Public Library,* 799 F.2d 976, 981 (5th Cir.1986).

diminution of salary or rank.[8] For the next seven years she was able to continue teaching in an area for which she is licensed. *See* Affidavit of Kaye K. Vance at Appendices 8 & 9. And her evaluations for this period indicate that she was able to perform effectively. *See Id.* at Appendix 10.

At her deposition Lewandowski complained that in 1986—the year she stopped teaching—she had been assigned four extra students and had been told that she would have to plan a curriculum. *See Id.* at Appendix 2, p. 42. In addition, she maintains that the ages of her seventh and eighth grade pupils contributed to her feeling of stress, but she has been unable to articulate a reason for this feeling, as shown in the following exchange:

Q Tell me the reasons why you feel you can't teach seventh or eighth grade Reading.

A No. 1, it's very stressful for me personally. I had no preparation.

Q Why is it stressful; what makes it stressful?

A The age of the students, not having had any formal techniques and training, the numbers of students per day.

Q What other reasons, besides age and formal techniques and the number of students per day?

A There's something about it that just overwhelms me, and I cannot explain it.

Q You've been teaching that since 1979; is that correct?

A Yes.

Q Did the circumstances change or did you find the same four things stressful from 1979—

A The minute—yes—from 1979 is when I started putting in for a lower grade.

Q So, the same things that you found stressful in November of '86 you found stressful in September of '79; is that correct?

A Essentially, yes, along with the idea of the curriculum planning and the materials to be used and things like that.

Q What is it about the age that you find particularly stressful?

A I can't answer that.

Q You don't know?

A I don't know.

*Id.* at Appendix 2, pp. 45–46. Aside from recounting these areas of dissatisfaction, the plaintiff has made no showing that the defendants breached the employment contract, or made excessive demands, or imposed conditions which would be so intolerable, humiliating or embarassing to a reasonable person that the person would have no choice but to resign.

The plaintiff has not cited any statute, ordinance, contract clause or collective bargaining provision which gives a teacher in the Two Rivers Public School District an entitlement to be transferred to a position of her choice. *Compare Hatcher v. Board of Public Education and Orphanage for Bibb County,* 809 F.2d 1546, 1549–52 (11th Cir.1987) (property right to comparable reassignment derived from operation of Georgia law) *with Morrash v. Strobel,* 842 F.2d 64, 69 (4th Cir.1987) (Virginia statute does not give Virginia police officers the right to a given job assignment); *Kelleher,* 761 F.2d at 1087 (no statute or ordinance of the State of Texas supplies a basis for a claim of entitlement to the teaching position); *Lyznicki v. Board of Education, School District 167, Cook County, Illinois,* 707 F.2d 949, 952 (7th Cir.1983) (nothing in Illinois law prohibits a school board from ordering the lateral transfer of a principal to a position of similar rank and equal salary). The collective bargaining agreement merely gives a teacher a right to request a transfer, to be considered and to be notified of the reason if the transfer is not granted. *See* Affidavit of Kaye K. Vance at Appendix 7. The parties have pointed to no substantive criteria governing transfers. Therefore, it appears that the School District can exercise unfettered discretion in deciding whether or not to grant transfer requests. *Cf. Board of Regents v. Roth,* 408 U.S. 564, 566–67, 92

---

**8.** The 1979 transfer is not at issue in this case. As the defendants point out, any attempt to base a claim on this event would be barred by the three-year statute of limitations. *See generally Owens v. U.U. Okure,* —— U.S. ——, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).

S.Ct. 2701, 2703–04, 33 L.Ed.2d 548 (1972) (no statutory or administrative standards for re-employment of new teacher without tenure); *United States v. City of Chicago,* 869 F.2d 1033, 1036–37 (7th Cir.1989) (police officers had no property interest in promotion when promoting authorities had unfettered discretion to choose from highest rated applicants). Nevertheless, no inference can be drawn from the record that the Two Rivers Public School District abused its discretion by denying Lewandowski's requests in order to force her to resign or to avoid affording her pretermination hearing procedures.

In recent years the Seventh Circuit has repeatedly expressed doubt that "a lateral transfer involving no loss of pay could ever be sufficient deprivation to violate the Fourteenth Amendment." *Greenberg v. Kmetko,* 840 F.2d 467, 475 (7th Cir.1988), quoting *Parrett v. City of Connersville, Indiana,* 737 F.2d 690, 693 (7th Cir.1984), *cert. dismissed,* 469 U.S. 1145, 105 S.Ct. 828, 83 L.Ed.2d 820 (1985). *See also Lyznicki v. Board of Education,* 707 F.2d 949, 951 (7th Cir.1983). The facts of the instant case warrant no departure from this general rule. The plaintiff has produced nothing to show that her interest in being retransferred to a kindergarten or primary grade teaching position was not subject to her employer's ultimate discretion or that she had a legitimate claim of entitlement to a favorable employment decision. *See Yatvin v. Madison Metropolitan School District,* 840 F.2d 412, 417 (7th Cir.1988) (interest in being considered for a job that is itself not property in the constitutional sense is even more attenuated than the interest in the job). Moreover, she has failed to show that the School District took any substantive adverse action regarding her agreed employment status. In sum, the evidence marshalled by the plaintiff would not support a jury finding that she was actually or constructively discharged in 1986. The same factors lead the court to conclude that the plaintiff has not demonstrated that she has been deprived of any property rights secured by the Due Process Clause of the Fourteenth Amendment. As a matter of law, she had no entitlement to

be retransferred to a kindergarten through third grade teaching assignment. And without an underlying property interest in the employment position, Lewandowski cannot seek enforcement of any notice or hearing procedures under the Fourteenth Amendment's Due Process Clause. *See Volk v. Coler,* 845 F.2d 1422, 1430 (7th Cir.1988). Therefore, summary judgment will be granted in favor of the defendants on the plaintiff's First and Fifth Causes of Action.

## B. EQUAL PROTECTION

■ For her Third and Fifth Causes of Action Lewandowski charges that the defendants denied her the equal protection of the laws "[b]y actually and/or constructively discharging plaintiff from her tenured teaching position without providing her with notice of charges and a fair and impartial hearing required by section 111.70 of the Wisconsin Statutes"; by "acting in an unreasonable, arbitrary and capricious manner"; and by terminating her employment "without just cause or reason, and solely and exclusively for false, arbitrary and unreasonable grounds." Usually, the Equal Protection Clause is invoked when a plaintiff claims that she has been invidiously classified on the basis of such characteristics as race, religion or gender. *See Vukadinovich v. Bartels,* 853 F.2d 1387, 1391 (7th Cir.1988). Here, the plaintiff is not claiming that she was classified on the basis of some forbidden characteristic, but merely that she was treated differently from other teachers. *Cf. Id.* at 1391–92. She maintains that "no other termination of employment, aside from those terminations which may have been voluntary, have been made by the Two Rivers School District except following a due process hearing." Brief in Opposition to Defendants' Summary Judgment Motion at 13. Thus, Lewandowski's equal protection claims, as set forth in the original complaint, represent just another "verbal dress" for her due process claims, and, since summary judgment is being granted in favor of the defendants on those claims, the equal protections claims, as originally

stated, need be considered no further. *See Patterson v. Portch*, 853 F.2d 1399, 1402 (7th Cir.1988).

The plaintiff has made a belated attempt in her brief to classify herself as a handicapped individual and to claim that the defendants should have accommodated her handicap by transferring her to a primary grade teaching position. However, there is no constitutional rule compelling this type of consideration. *See Anderson v. University of Wisconsin*, 841 F.2d 737, 742 (7th Cir.1988). Consequently, summary judgment will be granted in favor of the defendants on the plaintiff's Third and Fifth Causes of Action.

## C. STATE LAW CLAIMS

The plaintiff's Second and Fourth Causes of Action contain claims made under state law in which state issues substantially predominate in terms of the scope of the issues raised. Therefore, because all federal claims are being eliminated before trial, the consideration of comity weighs in favor of relinquishing jurisdiction of these remaining pendent claims. *See Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Therefore, the court will dismiss the plaintiff's Second and Fourth Causes of Action without prejudice. *See Carnegie–Mellon University*, 108 S.Ct. at 618–19 n. 7; *United Mine Workers v. Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139.

## D. RULE 11 SANCTIONS

■ In their brief in support of their summary judgment motion the defendants seek Rule 11 sanctions on the ground that the plaintiff has asserted a "frivolous" claim for punitive damages from the Two Rivers Public School District. Federal Rule of Civil Procedure 11 provides, in relevant part, that:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information,

and belief formed after a reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Federal Rule of Civil Procedure 11.

The sum total of the defendants' argument is that "punitive damages are unavailable from a school district." Brief in Support of Defendants' Motion for Summary Judgment at 7. No citations to authorities or further elaboration is provided.

In her prayer for relief the plaintiff asks "for punitive damages in favor of plaintiff, and against the defendants, and each of them, in an amount commensurate with the aims and objectives of the law of punitive damages in the State of Wisconsin." Complaint at 11, ¶ (d). It is true that punitive damages are not available from a local governmental entity sued pursuant to section 1983. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616 (1981); *Cygnar v. City of Chicago*, 865 F.2d 827, 842–43 (7th Cir.1989). However, punitive damages are available from individuals such as the defendant school board members and the School District employees if they are being sued in their personal capacities. *See, e.g., Cygnar*, 865 F.2d at 843.

The Complaint does not specify whether the individual defendants are being sued in their official or personal capacities. In such a situation the Seventh Circuit has decreed that it is to be presumed that the defendants are being sued in their official capacities. *See Conner v. Reinhard*, 847 F.2d 384, 394 n. 8 (7th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 147, 102 L.Ed.2d 118 (1988); *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir.1988). Nevertheless, without addressing the capacity question, the defendants have proceeded to assert and argue the defense of qualified immunity—a defense which is only available to protect government officials sued in their personal capacities. *See Conner v.*

*Reinhard,* 847 F.2d at 394 n. 8. Qualified immunity, like punitive damages, is not available when defendants are being sued in their official capacities.

Bearing in mind that Rule 11 sanctions can be imposed on parties and attorneys who make frivolous motions for Rule 11 sanctions, *Cf. Meeks v. Jewel Companies, Inc.,* 845 F.2d 1421, 1422 (7th Cir.1988) (sanction under Federal Rule of Appellate Procedure 38), the defendants should have conducted a reasonable inquiry into the law bearing on their own position. Under the existing law the request for punitive damages is no more frivolous than the assertion of the defense of qualified immunity. Therefore, because the defendants' conduct did not differ qualitatively from the plaintiff's, the defendants' request for punitive damages is denied. *See Flip Side Productions, Inc. v. JAM Productions, Ltd.,* 843 F.2d 1024, 1038 (7th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988).

### ORDER

For the reasons explained above, the court ORDERS that the defendants' Motion in Support of Summary Judgment (filed March 3, 1989) IS GRANTED, as modified. Judgment shall be entered in favor of the defendants Two Rivers Public School District, Clarence J. Novachek, Gary R. Schmidt, Keith F. Martin, John Webster, Patricia Bannen, Patrick Gagnon, Rita Costello Krueger, Roland Puls and Frank J. Helquist on the First, Third and Fifth Causes of Action in plaintiff Frances T. Lewandowski's Complaint.

IT IS FURTHER ORDERED that the plaintiff's Second and Fourth Causes of Action ARE DISMISSED without prejudice.

IT IS FURTHER ORDERED that this action IS DISMISSED.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 58, the Clerk of Court shall enter judgment as a separate document. This judgment shall state that:

This action came on for a hearing on briefs before the Court, Honorable Thomas J. Curran, District Judge, presiding, and the issues having been duly heard and a decision having been duly rendered,

IT IS ORDERED AND ADJUDGED: that summary judgment is entered in favor of the defendants Two Rivers Public School District, Clarence J. Novachek, Gary R. Schmidt, Keith F. Martin, John Webster, Patricia Bannen, Patrick Gagnon, Rita Costello Krueger, Roland Puls and Frank J. Helquist dismissing the plaintiff Frances T. Lewandowski's First, Third and Fifth Causes of Action with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED: that plaintiff Frances T. Lewandowski's Second and Fourth Causes of Action are dismissed without prejudice.

IT IS FURTHER ORDERED AND ADJUDGED: that this action IS DISMISSED and that the parties are to bear their own costs of this action.

Done and Ordered.