924 F.2d 1057
 57 Fair Empl.Prac.Cas. 1224
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Corrine DARNELL, Plaintiff-Appellant,
v.
CAMPBELL COUNTY FISCAL COURT, Defendant-Appellee,
 No. 90-5453.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1991.
 
 Before KRUPANSKY, RALPH B. GUY, Jr. and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Corrine Darnell, appeals the district court's grant of summary judgment, under Fed.R.Civ.P. 56, in favor of defendant, Campbell County Fiscal Court (Fiscal Court), in this employment discrimination action. Plaintiff's complaint alleged that defendant unlawfully discharged her from her position as secretary-clerk at the Fiscal Court on the basis of age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621-634 ("ADEA"), on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, and in violation of her due process and first amendment rights, under 42 U.S.C. Sec. 1983.
 
 
 2
 The district court initially granted defendant's motion for summary judgment only on plaintiff's sex discrimination, due process, and freedom of speech claims and ordered the parties to file supplemental memoranda on the issue of whether defendant's conduct constituted an "adverse employment decision" with regard to the ADEA and first amendment freedom of association claims. After reviewing the supplemental memoranda, the district court concluded that no adverse employment action was taken against plaintiff and, therefore, granted summary judgment in favor of defendant on the remaining claims. For the reasons stated below, we affirm the district court's grant of summary judgment in favor of defendant.
 
 I.
 
 3
 Plaintiff was sixty-two (62) years old at the time her employment ended with the Fiscal Court. She was first hired by Campbell County as a senior clerk-typist in 1979 and subsequently assigned to a secretarial position in Alexandria, Kentucky. In September, 1984, plaintiff received a promotion by Judge Lloyd Rogers, newly elected Judge-Executive for Campbell County, to the dual positions of Executive Secretary and Fiscal Court Clerk. Following the election of Kenneth Paul as Judge-Executive in January, 1986, as Roger's replacement, plaintiff was transferred to a different department in Ft. Thomas, Kentucky and, later, Newport, Kentucky.
 
 
 4
 Based on both written and verbal recommendations of the Fiscal Affairs Director, Ms. Stanton, the Fiscal Court decided to abolish plaintiff's position as a secretary-clerk for the Campbell County Fiscal Department, which is located in Newport, Kentucky. Thereafter, the Fiscal Court offered plaintiff a lateral transfer as an Executive Secretary for the Campbell County Disaster Emergency Services Department, which is located in the nearby city of Alexandria, Kentucky. In a letter dated September 3, 1987, the Fiscal Court informed plaintiff that:
 
 
 5
 The Campbell County Fiscal Court has been advised that the position of secretary/clerk in the Campbell County Fiscal Department is not needed. Based on the recommendation of the Fiscal Director, the Court will be abolishing this position which you presently are filling.
 
 
 6
 The Campbell County Fiscal Court is in need of an Executive Secretary for the Disaster Emergency Services Department. You would be entitled to apply for this position. If you accept this position, you will be transferred to DES with no change in your grade level or salary. (Emphasis added).
 
 
 7
 The Court plans to abolish the secretary/clerk position in the Fiscal Court Department as of September 30, 1987. The Executive Secretary position in DES department will begin on October 1, 1987.
 
 
 8
 Please advise Melissa Williams, the Personnel Director, of your decision no later than September 23, 1987 if you plan on accepting this position. (Emphasis added).
 
 
 9
 We the Campbell County Fiscal Court feel very positive about your transfer.
 
 
 10
 After plaintiff failed to apply for the position in Alexandria, she was advised that her employment was terminated. In a letter dated October 5, 1987, the Fiscal Court informed plaintiff that:
 
 
 11
 As you know the position of Secretary/Clerk in the Department of Fiscal Affairs has been terminated as of 10-7-87, and you were given the opportunity to apply for a different position. It is our understanding that you have decided not to apply for any other position with the Fiscal Court even though your salary would remain unchanged.
 
 
 12
 Therefore, since you have elected not to take another position with the Fiscal Court and your present position has been terminated, your employment with the Fiscal Court will be terminated as of midnight 10-7-87.
 
 
 13
 If you change your mind between now and then, please contact us immediately.
 
 
 14
 Plaintiff did not apply for the position in Alexandria for two main reasons. First, plaintiff was accustomed to driving from the office to her home during her lunch break to care for her sick brother. Because of the slightly increased distance from her home to the Alexandria office, plaintiff would have no longer been able to take care of her brother during her one hour lunch break. Second, plaintiff speculated that the transfer was a "sham" since she believed that there was no money to fund the position or need for a secretary-clerk at DES in Alexandria.
 
 III.
 
 15
 Plaintiff raises two arguments on appeal. First, plaintiff argues that the district court improperly granted defendant's summary judgment on her ADEA and freedom of association claims. Second, plaintiff argues that she was entitled to a "pretermination" hearing prior to discharge, under the due process clause of the fourteenth amendment.
 
 A.
 
 16
 We review the district court's grant of summary judgment in favor of defendant de novo. E.E.O.C. v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment, under Fed.R.Civ.P. 56, is proper if the evidence presented shows that there are no issue as to any material facts and that, therefore, the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 17
 In order to set forth a prima facia case under either the ADEA and the freedom of association clause of the first amendment, plaintiff must establish, as a preliminary matter, that her employer made an "adverse employment decision." See McDonald v. Union Camp Corp., 898 F.2d 1155, 1159-60 (6th Cir.1990) (adverse employment decision is a prima facia element of an ADEA case); Branti v. Finkel, 445 U.S. 507, 515 (1980) (public employees may not be discharged solely because of their political beliefs under normal circumstances, under first amendment). The parties disagree, however, as to what impact, if any, defendant's offer of a lateral transfer has on plaintiff's burden of proving an adverse employment decision.
 
 
 18
 Defendant argues that the offer of a lateral transfer precludes plaintiff from arguing that she was discharged by defendant. Under defendant's theory of this case, which was accepted by the district court, plaintiff may meet her prima facia burden only by proving that the lateral transfer would have amounted to a "constructive discharge." Plaintiff disagrees, contending that she was, in fact, terminated by defendant from her job with the Fiscal Court.
 
 
 19
 We agree with the approach used by the district court and hold, as have other courts in similar employment cases, that an employee's rejection of a lateral transfer precludes her from arguing that her termination was an "adverse employment decision" for the purposes of establishing a prima facia case. See Greenberg v. Kmetko, 840 F.2d 467, 475 (7th Cir.1988) (en banc); see also Lewandowski v. Two Rivers Public School Dist., 711 F.Supp. 1486, 1497 (E.D.Wis.1989); Crawford v. ITT Consumer Financial Corp., 653 F.Supp. 1184, 1187 (S.D.Ohio 1986); Walter v. KFGO Radio, 518 F.Supp. 1309, 1313-14 (D.N.D.1981). We reach this conclusion for several reasons. There is an important distinction between "eliminating a position" and "terminating employment." An offer of a lateral transfer places the decision of continued employment completely at the discretion of the employee. In this case, defendant's October 5, 1987 letter to plaintiff clearly indicated that her "position" at the Newport office was being eliminated and, at the same time, that a new position was being created at the Alexandria office. Plaintiff had the option of continuing employment with the Fiscal Court by accepting the Alexandria position, but declined.
 
 
 20
 Our ruling, however, does not completely foreclose plaintiff's causes of action. An employee's rejection of a lateral transfer is always actionable as a "adverse employment action" if the conditions of the transfer would have been objectively intolerable to a reasonable person, thereby amounting to a "constructive discharge." See Greenberg, 840 F.2d at 475; Lewandowski, 711 F.Supp. at 1497; Crawford, 653 F.Supp. at 1187; Walter, 518 F.Supp. at 1313-14. In determining whether a lateral transfer would be intolerable to a reasonable person, the following non-exhaustive list of factors have been considered: increased distance from home to new position, see Christensen v. Equitable Life Assur. Society, 767 F.2d 340, 342 (7th Cir.1985), cert. denied, 474 U.S. 1102 (1986); decrease in salary, grade level or benefits, see Henderson v. L.G. Balfour Co., 852 F.2d 818, 822-23 (5th Cir.1988), cert. denied, 109 S.Ct. 3216 (1989); and changes in job duties and/or responsibilities, see Sowers v. Kemira, Inc., 701 F.Supp. 809, 825 (S.D.Ga.1988).
 
 
 21
 In support of its motion for summary judgment, defendant has offered uncontradicted "objective" evidence that the conditions of the transfer from the Newport office to the Alexandria office would have been tolerable to a reasonable person. The Fiscal Court's September 3, 1987, letter to plaintiff clearly indicated that the transfer to Alexandria would have involved the same duties, grade level, benefits and salary as her position as secretary-clerk in Newport. The drive from Newport to the building where plaintiff would have worked in Alexandria was approximately ten (10) miles and took approximately twenty (20) minutes to reach by car, even in heavy traffic. For her part, plaintiff has not offered valid reasons for turning down the transfer to Alexandria. Thus, neither plaintiff's speculation that the transfer was a "sham", without a good faith attempt to try the new job, nor her purely personal reasons for turning down the transfer defeat defendant's motion for summary judgment.
 
 
 22
 Plaintiff next argues that, regardless of whether she was constructively discharged, alleged discriminatory statements made by Kenneth Paul defeat defendant's motion for summary judgment. Lloyd Rogers testified at his deposition that, in 1984, Kenneth Paul gave him an employee "hit list" with fifteen (15) names on it, including Corrine Darnell's name. Paul allegedly told Rogers that there were too many old people on the Fiscal Court and that, if he were County Judge, he would replace them with younger workers. This deposition testimony does not, however, create a "material fact" issue which defeats defendant's motion for summary judgment. The ADEA and freedom of association causes of action alleged in this case punish "acts" (adverse employment decisions) motivated by unlawful discrimination, not isolated discriminatory statements. See e.g. Harris v. Wal-Mart, 658 F.Supp. 62 (E.D.Ark.1987) (racial slurs did not establish a cause of action for race discrimination absent proof that employee was treated differently from white workers during employment). We, therefore, hold that plaintiff's ADEA and first amendment freedom of association claims were properly dismissed, under Fed.R.Civ.P. 56, as a matter of law.
 
 B.
 
 23
 Plaintiff's final argument is that she was denied due process under the fourteenth amendment since defendant failed to provide her with a pre-termination hearing. In light of our holding that plaintiff was not terminated or constructively discharged from her employment with the Fiscal Court, plaintiff's argument is without merit.
 
 AFFIRMED